## WILLIAMS vs. RABY.

APPEAL from the court of the third district.

East'n. District.
*June* 1825.

WILLIAMS
*vs.*
RABY.

MARTIN, J. delivered the opinion of the court. The plaintiff complains that the defendant, pretending that he was the owner of a certain negro slave, proposed to, and deceitfully induced him to give him two slaves of the plaintiff's in exchange, the defendant promising to pay a certain sum of money for boot. That accordingly, the plaintiff delivered his two slaves, but the defendant removed his own out of the plaintiff's reach, and afterwards brought suit against the plaintiff, on a note of his, seized the slaves, and bought them for a trifling sum.

The defendant pleaded the general issue, averring that, if any such contract took place, as stated in the petition, it was entered into in good faith and without misrepresentation; that the plaintiff himself withdrew from the contract; but that in fact, there was no legal contract, either party being at liberty to recede, as there was not any writing; that as to the suit mentioned in the petition, the present plaintiff had full opportunity to make there every defence of which it was susceptible; the sheriff was bound to levy the *fi. fa.* on the two slaves, be-

*If the defendant deceitfully obtain possession of a slave of the plaintiff, and afterwards has an execution levied on him, and purchases him, the only measure of damages is the hire till the seizure.*

cause they were especially mortgaged for the debt, and the present plaintiff had no other visible property in the parish.

The plaintiff had a verdict and judgment for $550, the defendant prayed for a new trial, and, it being refused, appealed.

If there be any cause of action, it appears to us it can only be for the hire of the slaves, from the time they came to his hands, till the sheriff's sale.

If this sale be illegal, the defendant's right was unaffected by it; if it be a legal act, it transferred the property, and there cannot be any thing due to the defendant, except the hire of the slaves, till the sale. For this purpose $550 is a very excessive compensation, and there ought to have been a new trial.

It is therefore ordered, adjudged and decreed, that the judgment of the district court, be annulled, avoided and reversed, and the verdict set aside and the case be remanded for a new trial, and it is ordered that the appellee pay costs in this court.

*Watts and Lobdell* for the defendant.